23CA1144 Peo v Parsley 02-06-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1144
City and County of Denver District Court No. 22CR3328
Honorable Jay S. Grant, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Joshua A. Parsley,

Defendant-Appellant.

ORDER AFFIRMED

Division V
Opinion by JUDGE FREYRE
Schock and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 6, 2025

Philip J. Weiser, Attorney General, Cata A. Cuneo, Assistant Attorney General
Fellow, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, John Patrick Galligan, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Joshua A. Parsley, appeals the district court's order requiring him to pay restitution.  We affirm.

## I.     Background

¶ 2     Parsley was charged with two counts of menacing and one count each of false imprisonment and failure to leave premises or property upon request of a peace officer.  As pertinent here, the charges were based on allegations that Parsley used a knife to hold N.F., who was naked in her bathroom, against her will.

¶ 3     Parsley pleaded guilty to failure to leave premises or property upon request of a peace officer in exchange for dismissal of the remaining counts.

¶ 4     The prosecution moved for restitution, seeking reimbursement to the Crime Victim Compensation Board (CVCB) for $1,914.00 that it had paid to N.F. for lost wages.  Parsley objected and the district court held a hearing.  The only evidence presented at the hearing came from N.F., who testified that she missed work because Parsley "held [her] hostage in [her] bathroom," "with a knife," "wouldn't let [her] out," and "wouldn't leave."

¶ 5    Based on the evidence presented, the district court found that Parsley proximately caused the CVCB's losses and ordered him to pay $1,914.00 in restitution.

## II.    Discussion

¶ 6    Parsley challenges the restitution award.  He contends that the district court erred by ordering him to pay restitution to the CVCB because he was not convicted of an offense pertaining to N.F.'s lost wages and did not agree to pay restitution for such losses under the plea agreement.  In the alternative, Parsley contends that the prosecution failed to prove he proximately caused the damages underlying the district court's restitution order.  We reject each of these contentions.

### A.    Standard of Review and Legal Principles Governing Restitution

¶ 7    Whether a court has authority to order a defendant to pay restitution is a legal question that we review de novo.  *People v. Roddy*, 2021 CO 74, ¶ 23; *Cowen v. People*, 2018 CO 96, ¶ 11.  We review challenges to a court's proximate cause finding for clear error.  *Martinez v. People*, 2024 CO 6M, ¶¶ 3, 32.

¶ 8    Restitution means "any pecuniary loss suffered by a victim [that is] proximately caused by an offender's conduct and that can

2

be reasonably calculated and recompensed in money." § 18-1.3-602(3)(a), C.R.S. 2024.  In the context of restitution, proximate cause is a cause which in natural and probable sequence produced the claimed loss and without which the claimed loss would not have been sustained.  *People v. Dyson*, 2021 COA 57, ¶ 13.

¶ 9        A crime victim may seek compensation from the CVCB for lost wages.  *See* § 24-4.1-109(1)(b), C.R.S. 2024.  If the CVCB pays such a claim, a court may order the defendant to reimburse the CVCB for the amount of assistance that it paid to the victim.  *See* § 18-1.3-602(4)(a)(IV).  The prosecution bears the burden of proving by a preponderance of the evidence that the victim's losses were proximately caused by the defendant.  *People v. Stone*, 2020 COA 24, ¶ 6.  However, "[i]f, as a result of the defendant's conduct," the CVCB provides "assistance to or on behalf of a victim[,] . . . the amount of assistance provided and requested by the [CVCB] is presumed to be a direct result of the defendant's criminal conduct and must be considered by the court in determining the amount of restitution ordered." § 18-1.3-603(10)(a), C.R.S. 2024.  In other words, section 18-1.3-603(10)(a) creates a rebuttable presumption that shifts the burden to the defendant to show that the amount

paid by the board was not a direct result of their criminal conduct. *See People v. Henry*, 2018 COA 48M, ¶¶ 16-19.

¶ 10    A court may impose restitution only for losses proximately caused by an offender's conduct. *See Cowen*, ¶¶ 16-21; *see also People v. Steinbeck*, 186 P.3d 54, 60 (Colo. App. 2007). For that reason, a court may not award restitution for losses proximately caused by conduct for which the defendant was never charged, *see People v. Sosa*, 2019 COA 182, ¶ 26, or for losses suffered as a result of acquitted conduct, *see Cowen*, ¶ 24. Nor may a court order restitution for losses related to criminal charges the prosecution later dismisses, absent an agreement stating otherwise. *Roddy*, ¶ 32.

## B.    Analysis

¶ 11    Parsley argues that the district court erred by ordering restitution to the CVCB for reimbursement of N.F.'s lost wages because the offense he pleaded guilty to did not pertain to those losses and did not list N.F. as a victim. He further argues that he should not be liable for the awarded restitution because the offenses listing N.F. as a victim were dismissed, and he did not

4

agree to pay restitution for dismissed counts as part of the plea agreement.

¶ 12     Parsley pleaded guilty to failure or refusal to leave premises or property upon request of a peace officer under section 18-9-119(2) and (4), C.R.S. 2024.  Section 18-9-119(2) provides:

> Any person who barricades or refuses police entry to any premises or property through use of or threatened use of force and who knowingly refuses or fails to leave any premises or property upon being requested to do so by a peace officer who has probable cause to believe a crime is occurring and that such person constitutes a danger to himself or herself or others commits a class 2 misdemeanor.

Further, "[a]ny person who violates subsection (2) . . . of this section and who, in the same criminal episode, recklessly or knowingly causes a peace officer to believe that he possesses a deadly weapon commits a class 1 misdemeanor." § 18-9-119(4).

¶ 13     At the restitution hearing, N.F. testified that she did not go to work June 17 through June 25, 2022, because she was "emotional and [she] was a mess."  She explained that "something traumatic happened to [her]" — namely, Parsley "lost his mind and he held

[her] hostage [with a knife]" while she was "in [her] bathroom naked," and "he wouldn't let [her] out" and "wouldn't leave."

¶ 14    N.F. was a person aggrieved by Parsley's conduct of refusing to leave while holding her hostage in her bathroom with a knife. His actions gave the police probable cause to believe a crime was occurring and constituted a danger to others. This conduct proximately caused N.F.'s trauma, which led her to miss nine days of work and wages. Because the pecuniary losses in the restitution order directly relate to the unlawful conduct underlying the charge Parsley pleaded guilty to, the court did not err in awarding restitution.

¶ 15    We are not persuaded otherwise by Parsley's argument that he is not liable for reimbursement of N.F.'s lost wages because the offense to which he pleaded does not list N.F. as a victim. Parsley's argument construes the restitution statutes too narrowly. A "victim" is "*any person aggrieved by the conduct* of an offender." § 18-1.3-602(4)(a) (emphasis added); *see also* § 18-1.3-601(1)(b), C.R.S. 2024 ("Persons found guilty of causing [physical, emotional, and psychological injury and loss of property] should be under a moral and legal obligation to make full restitution to those harmed

by their misconduct."); § 18-1.3-602(3)(a) ("'Restitution' means any pecuniary loss suffered by a victim . . . .").

¶ 16    Our supreme court has held that legislative amendments to the restitution statute "demonstrate[] a legislative intent to include additional victims beyond only those named in the information or indictment." *Dubois v. People*, 211 P.3d 41, 45 (Colo. 2009). In *Dubois*, the court looked to the conduct underlying the conviction to determine whether certain persons, though not named in the charging document, were nevertheless victims to whom restitution could be ordered, and concluded that they were. *Id.* at 45-46. Because N.F.'s testimony establishes that she was "aggrieved by" Parsley's conduct — to which he pleaded guilty — she falls within the meaning of "victim" for restitution purposes, even though she was not the named victim for the offense. *See id.* at 46.

¶ 17    Having concluded that N.F.'s pecuniary losses are directly related to the unlawful conduct underlying the charge Parsley pleaded guilty to, we need not address Parsley's claim related to dismissed counts.

¶ 18    Parsley's alternate contention that the prosecution failed to prove that he proximately caused the damages supporting the

district court's restitution order is equally unavailing. Parsley argues that the district court clearly erred by ordering restitution for the same reasons he asserts the court was without authority to order restitution — namely, the order was based on counts that had been dismissed, and he did not agree as part of the plea agreement to pay restitution for dismissed counts. As discussed, the court did not impose restitution based on dismissed counts, and because the restitution award was supported by an appropriate "evidentiary link" between the charged conduct and victim's losses, *see People v. Moss*, 2022 COA 92, ¶ 19, we reject this argument.

¶ 19 The district court found that that there was "a nexus between [Parsley's] conduct and [N.F.'s] losses due to the trauma she suffered at the hands of [Parsley] in this case." The court noted that N.F. "provided credible testimony" that "[s]he was in trauma" and "due to that, she missed work." Thus, the court concluded that "the presumption ha[d] not been rebutted," "restitution is reasonable . . . and it's the proximate cause of [Parsley's] conduct." The court's findings and conclusion that the conduct to which Parsley pleaded guilty proximately caused the claimed losses are supported by the record. Further, because the court did not impose

8

restitution for conduct relating exclusively to the dismissed charges, the court's finding that Parsley failed to rebut the presumption promulgated by section 18-1.3-603(10)(a) was not "misplaced." Accordingly, we affirm the district court's restitution order.

## III. Disposition

¶ 20    The order is affirmed.

JUDGE SCHOCK and JUDGE SULLIVAN concur.